**M W MOODY LLC**
By: Mark Warren Moody
SDNY# 3742 Moody
43 West 43rd Street
New York, New York 10036
t. 917-414-7886
e. mwm@mwmoody.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X Index#1:18-cv-8313
SAMMY MOURABIT,

                     Plaintiff,

            - against -

STEVEN KLEIN, STEVEN KLEIN STUDIO, LLC,
STEVEN KLEIN STUDIO, INC., FRANCOIS NARS,
SHISEIDO INC., SHISEIDO INTERNATIONAL
d/b/a SHISEIDO AMERICAS CORPORATION,
and JOHN DOES 1-10,

                    Defendants.
-----------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

        Plaintiff SAMMY MOURABIT, by and through his counsel M W MOODY LLC, as and for his First Amended Complaint against STEVEN KLEIN, STEVEN KLEIN STUDIO, LLC, STEVEN KLEIN STUDIO INC., FRANCOIS NARS, SHISEIDO INC., SHISEIDO INTERNATIONAL d/b/a SHISEIDO AMERICAS CORPORATION, and JOHN DOES 1-10, hereby alleges as follows:

### PRELIMINARY STATEMENT

        1.     With breathtaking chutzpah, Steven Klein – a well-known fashion photographer, and Francois Nars – a well-known make up artist, launched a line of make up named after themselves (Klein and Nars; or Nars and Klein (the

"Collection")) that is and was exclusively promoted using another artist's – plaintiff Sammy Mourabit's – work.

2.      Messrs. Nars and Klein did not remunerate Mr. Mourabit or obtain his permission.

3.      Messrs. Klein and Nars knew that using Sammy Mourabit's work would provide much greater promotional coverage than using Mr. Nars' – the supposed artist's – work.

4.      Mr. Nars does not have Mr. Mourabit's s artistic range or capacity.

5.      Both Messrs. Nars and Klein knew they were intentionally deceiving the public: in promoting their new products  - Mr. Klein knew Mr. Nars was not responsible for the artistry he knew to be central to the promotion, and Mr. Nars certainly knew the work he was pushing as his own was not his.

6.      Compounding deception to the public, both Nars and Klein knew that the make up used in Mr. Mourabit's artistry was not from the Collection.

7.      While it is easy to understand Messrs. Klein's and Nars's decision to fob Mr. Mourabit's work off as Mr. Nars' – both Mr. Klein and Mr. Nars knew that Mr. Mourabit was an infinitely superior make up artist – that understanding does not excuse their conduct.

8.      This action, seeking ten million dollars ($10,000,000.00) in damages, is to recover for Messrs. Klein's and Nars' blatant and mendacious deception of the public and theft from the public.

**JURISDICTION AND VENUE**

9.      Jurisdiction is appropriate in this State pursuant to C.P.L.R. § 301.

2

10.     Venue is appropriate in this Court pursuant to C.P.L.R. § 503(a) inasmuch as, *inter alia*, at least one (1) of the Defendants was a resident of New York County at the time of commencement of the action.

## PARTIES

11.     Plaintiff Sammy Mourabit is a resident of the State of California who regularly does business in New York.

12.     Defendant Steven Klein is, upon information and belief, a resident of the City, County, and State of New York with a home address of 150 Charles Street, New York, New York 10014 and a work address of 601 West 26th Street, New York, New York 10001.

13.     Defendant Steven Klein Studio LLC is, upon information and belief, a domestic Limited Liability Company headquartered, or with offices at, 601 West 26th Street, New York, New York 10001.

14.     Defendant Steven Klein Studio, Inc. is, upon information and belief, a domestic business corporation headquartered, or with offices at, 601 West 26th Street, New York, New York 10001.

15.     Francois Nars is, upon information and belief, a resident of the City, County, and State of New York.

16.     Mr. Nars, upon information and belief, through entities wholly or majority owned by him has make up stores in New York under his name, including one located at 413 Bleecker Street, New York, New York 10014.

17.     Upon information and belief, Shiseido America Inc. is a domestic

business corporation with offices located at 900 Third Avenue, 25th Floor, New York, New York 10022 ("SAI").

18.     Upon information and belief, Shiseido Americas Corporation is a corporation organized under the laws of Delaware, with its headquarters located at 900 Third Avenue, 25th Floor, New York, New York 10022 (together with SAI, collectively "Shiseido").

19.     The captioned John Does are entities associated with Messrs. Klein, Nars and/or Shiseido involved in the creation, promotion, manufacture and/or distribution of the Collection.

## FACTS

20.     In or about mid- 2013, Mr. Mourabit was approached to do the make up artistry for an editorial for the September issue of W Magazine.

21.     Mr. Mourabit accepted and the shoot took place on or about December 15, 2013.

22.     Mr. Klein was the photographer on the shoot.

23.     Mr. Klein made the extraordinarily deceptive decision to use the photographs that he had taken at the W Magazine photo shoot to promote his own make up line – the Collection.

24.     Mr. Nars is apparently quite willing to make himself look and appear better than he is by using other peoples' work – in this case Mr. Mourabit's.

25.     To this day, members of the public can purchase the Collection's products bearing images of Mr. Mourabit's artistry.

26.     From the launch party in Cannes, France on or about October 30, 2015

to date, Defendants –Mr. Nars, Mr. Klein, and Shiseido – have promoted the Collection using exclusively Mr. Mourabit's work (Exhibit 1).

27.     Mr. Mourabit was furious that his work was being used – without even credit, and without getting paid – to promote an international line of make up that he did not even use in the promotional work.

28.     There was nothing he could do though. Messrs. Nars and Klein have extraordinary power in the tight knit world of the fashion business. If Mr. Mourabit would have complained he would have been told that he should feel complimented, and if he went further and actually commenced suit, he would be blackballed from the industry (as happened immediately after this action was filed).

29.     Frequently, all another artist; celebrity; model; designer; stylist; and/or magazine would have to hear is that Steven Klein is pissed off with Sammy Mourabit, and there would be no more jobs coming Mr. Mourabit's way.

30.     There was no mistake as to the Defendants' deceptive intention.

31.     Defendant Shiseido's President and Marketing Director remarked for the press "how great the booth [using Mr. Mourabit's work and artistry] looked" (Exhibit 2). It is, of course, likely that these Shiseido executives' statements actually believed that the work they were applauding was Mr. Nars'.

32.     Mr. Nars – not quoted at the launch – was aware of the fraud; a gross effort to promote his alleged artistry using a competitor's work.

33.     Mr. Klein chose – perhaps as he may be wont to do – quick profit over authenticity.

34.     Mr. Klein not only shunned authenticity; he rejected truth in favor of

profit. In short, he lied.

35.     Mr. Klein – knowing that the photographs being used (taken by him) had nothing to do with Mr. Nars' work – praised Mr. Nars stating that he (intending the audience to conclude he was talking about Mr. Nars, knowing in fact he was talking about M. Mourabit) has an "eye for imagery [that] is unique and of the highest calibre."

36.     Except it wasn't Mr. Nars' eye – it was Mr. Mourabit's.

37.     In connection with the promotion of a pop-up store in London at 15 Bateman Street (Exhibit 3), Mr. Nars – using exclusively Mr. Mourabit's artistry – claimed the Collection was "bringing the vision of NARS to life."

38.     Of course it wasn't Mr. Nars' vision, it was Mr. Mourabit's.

39.     "Live your fantasy" and "Fantacisst" is how Mr. Nars promoted the Collection on social media.

40.     Except it wasn't Mr. Nars' fantasy – it was Mr. Mourabit's genius.

41.     The public enthused (perhaps the better word is fawned) over Mr. Mourabit's work, believing it to be Mr. Nars'.

42.     Mr. Nars has approximately five million four hundred thousand (5,400,000) followers on social media.

43.     The vast majority of those followers would believe that a make up line bearing his name was being promoted by Mr. Nars' work.

44.     By way of limited example, this is how the public responded on social media:

        "This is sick it reminds me of blade runner"

"This photo! So good"

"Now this is different but I love it"

"Reminds me of @brookecandy"

"my next makeup look"

"my makeup inspo"

"this should be everyone's fantasy"

"This is insanely beautiful"

"if you were able to do what you wanted with glitter"

"Just gorgeous"

"Just love it"

"But it's sold out everywhere!!!! Please restock!!!

"pls look at this amazingness"

45.     Each of these fans' breathless exclamations almost certainly refer (exclusively, and unbeknownst to them) to the unique vision and ferocity of Mr. Mourabit's artistry.

46.     Furthermore, all of them likely believed that the image used the Collection's make up, which it did not.

47.     Mr. Klein understood all of this, but didn't care.

48.     Mr. Nars understood all of this, but didn't care.

49.     Nevertheless, in connection with the Collection's launch, Mr. Klein said of Mr. Nars: "He was one of the pioneers of moving from one of the great make up artists to creating great make up."

50.     The problem is that the make up artistry Mr. Nars and Mr. Klein

promoted as being Mr. Nars' wasn't – Mr. Mourabit should have been credited with being "one of the great make up artists".

51.    Mr. Klein lied; he knew his collaborator's talent didn't match that of the artistry he stole to promote his collaborator.

52.    The Collection was promoted and sold using Mr. Mourabit's artistry globally. It was used on billboards in Singapore, including as a center piece at Mr. Nars' stores across the globe (Exhibit 4), including in New York.

53.    By way of limited example, the Collection was upon information and belief promoted using Mr. Mourabit's work in 2,300 Sephora stores. *Id.*

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Copyright Infringement)**

54.    Mr. Mourabit repeats and realleges the foregoing allegations as if fully set forth herein.

55.    Mr. Mourabit has a copyright in the make up artistry depicted in Julia Lewis Woman Scorsese certificate of registration No. VA 2-105-396, effective June 4, 2018 ("Mr. Mourabit's Copyright").

56.    Defendants used Mr. Mourabit's Copyright repeatedly and continuously in order to promote their own brand of make up.

57.    In doing so, Defendants infringed upon Mr. Mourabit's Copyright.

58.    As a direct and proximate result of the foregoing, Mr. Mourabit is entitled to an award of damages pursuant to 17 U.S.C. § 504(b), to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

59.     Mr. Mourabit repeats and realleges the foregoing allegations as if fully set forth herein.

60.     Defendants were enriched by their use of Mr. Mourabit's artistry to promote and build the Collection using, upon information and belief, Mr. Mourabit's work exclusively.

61.     Defendants were enriched by their use of Mr. Mourabit's artistry upon all of the packaging, and in all of the promotional materials and advertising materials, for the Collection.

62.     Mr. Mourabit was not compensated for the use of his work, and given the fact that Defendants palmed Mr. Mourabit's artistry off as their own, the value of the work to Mr. Mourabit is massive.

63.     After Defendants' theft of Mr. Mourabit's vision, work, and art – without ability to claim they did not know the work was not theirs, much less usable at all – and after Defendants' profit from Mr. Mourabit's work, there can be no doubt as to the conclusion that Defendants should not be permitted to retain the profits generated as a result of their use of Mr. Mourabit's work.

64.     As a direct and proximate result of the foregoing, Mr. Mourabit has been damaged in an amount to be proven at trial, but in no event less than three million dollars ($3,000,000.00) together with punitive damages to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Common Law Unfair Competition/Misappropriation)

65.     Mr. Mourabit repeats and realleges the foregoing allegations as if fully set forth herein.

66.     Mr. Klein knew that Mr. Mourabit's work was not Mr. Nars' work; how could he not, he photographed it?

67.     Mr. Nars knew that Mr. Mourabit's work was not Mr. Nars'; how could he not? Mr. Nars knew he was not the artist.

68.     Then they used the very work that they incontrovertibly knew was not Mr. Nars' to promote their own new make up line.

69.     This constitutes the very essence of bad faith misappropriation of Mr. Mourabit's work.

70.     Mr. Mourabit states conclusively, quoting numerous fans of Messrs. Nars and Klein in paragraph 41, *supra*, that at least dozens of individuals believed that Mr. Mourabit's artistry was *in fact* Mr. Nars'.

71.     This constitutes the very essence of both likelihood of, and actual, confusion.

72.     Defendants' conduct exploited Mr. Mourabit's artistry, the right to exploit which belonged exclusively to Mr. Mourabit, to their own pecuniary gain.

73.     As a direct and proximate result of the foregoing, Mr. Mourabit has been damaged in an amount to be proven at trial, but in no event less than three million dollars ($3,000,000.00) together with punitive damages to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (GBL § 349)

74.     Mr. Mourabit repeats and realleges the foregoing allegations as if fully set forth herein.

75.     Defendants' use of Mr. Mourabit's work was for the purpose of advertising and promoting to consumers in the marketplace across the world.

76.     Defendants' conduct was materially and deceptively misleading – 99.99% of make up purchasers would have believed that Mr. Mourabit's work was Mr. Nars' and, critically, that the make up being sold was used in Mr. Mourabit's work: which it obviously was not.

77.     As a direct and proximate result of the foregoing, Mr. Mourabit has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

**ON** the first cause of action in an amount to be determined at trial pursuant to 17 U.S.C. § 504(b); and

**ON** the second cause of action in an amount to be determined at trial, but in no event less than three million dollars ($3,000,000.00) together with punitive damages to be proven at trial;

**ON** the third cause of action in an amount to be determined at trial, but in no event less than three million dollars ($3,000,000.00) together with punitive damages to be proven at trial;

**ON** the fourth cause action in an amount to be determined at trial;

**TOGETHER** with such other and further relief as to this Court seems just and proper, including but not limited to the costs and disbursements of the

action as well as interest and reasonable attorneys' fees.

Dated:      August 13, 2018
            New York, New York


                                              Yours, etc.


                                              _____S/_____
                                              **M W MOODY LLC**
                                              By: Mark Warren Moody
                                              MWM 3742
                                              43 West 43rd Street
                                              New York, New York 10036
                                              t. 917-414-7886
                                              e. mwm@mwmoody.com

# Shiseido previews NARS Steven Klein Holiday Collection

👤 Posted by: David Tran

📁 in Cosmetics, Europe, Events News, Latest News, Product News, Regions

🕐 October 30, 2015

💬

Comments Off

on Shiseido previews NARS Steven Klein Holiday Collection

Beauty brand Shiseido has confirmed that last week's launch event of the NARS Steven Klein Holiday Collection at the TFWA World Exhibition in Cannes received a strong turnout.

More than 50 leading travel-retail buyers and press attended a special cocktail party



**Exhibit 1**

# Shiseido previews NARS Steven Klein Holiday Collection

Posted by: David Tran    In Cosmetics, Europe, Events News, Latest News, Product News, Regions    October 30, 2015

Comments Offon Shiseido previews NARS Steven Klein Holiday Collection

Beauty brand Shiseido has confirmed that last week's launch event of the NARS Steven Klein Holiday Collection at the TFWA World Exhibition in Cannes received a strong turnout.

More than 50 leading travel-retail buyers and press attended a special cocktail party overlooking the harbour that also featured a makeup session using the latest Steven Klein NARS products, and a look at the first ever NARS travel-retail exclusive collection, NARSissit, which saw its global launch at the TFWA event.



"The cocktail event was a huge success, we are extremely pleased with the number of attendees, and everyone remarked on how great both the booth and the NARS Steven Klein Holiday collection looked," said president Philippe Lesne and marketing director Elisabeth Jouguelet.

"Both Elizabeth and I would like to thank all of those who attended, both media and our customers. Being able to welcome some of the leading operators including World Duty Free, Nuance, Dufry and DFS to the cocktail was a highlight, and from the feedback we received it was definitely an event we would like to repeat in the future," added Lesne.

**Exhibit 2**

 narsissist                                                        ...



                            

27,184 likes

**narsissist** The NARS Steven Klein pop up store at 15 Bateman Street in London, is now open until November 6th, bringing to life the vision of both François Nars and Steven Klein.

**Exhibit 3**





**Exhibit 4**