USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/2/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMMY MOURABIT,

          Plaintiff,

-against-

STEVEN KLEIN, STEVEN KLEIN STUDIO,
LLC, STEVEN KLEIN STUDIO, INC.,
FRANCOIS NARS, SHISEIDO INC., SHISEIDO
INTERNATIONAL d/b/a SHISEIDO AMERICAS
CORPORATION, and JOHN DOES 1-10,

          Defendants.

18 Civ. 8313 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiff, Sammy Mourabit, brings this action against Defendants, Francois Nars, Shiseido America, Inc., Shiseido International (the "Shiseido Defendants"); Steven Klein, Steven Klein Studio, Inc., and Steven Klein Studio, LLC (the "Klein Defendants"); and John Does 1–10.[1] Am. Compl., ECF No. 12. Plaintiff asserts a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. *Id.* at 8. Plaintiff also asserts causes of action for unjust enrichment, unfair competition and misappropriation, and a violation of New York General Business Law § 349. *Id.* at 9–11. The Shiseido Defendants and the Klein Defendants move separately to dismiss the complaint under Rule 12(b)(6), ECF Nos. 46, 49,[2] and for sanctions, ECF Nos. 61, 64. For the reasons stated below, the motions are GRANTED in part, DENIED in part.

---

[1] Plaintiff had ample time to identify the Doe Defendants through discovery but made no attempt to do so. Accordingly, Plaintiff's claims against Does 1 through 10 are DISMISSED. *See Palacios v. City of New York*, No. 15 Civ. 386, 2017 WL 4011349, at *1 n.1 (S.D.N.Y. Sept. 11, 2017).

[2] The Court construes the Shiseido Defendants' motion to dismiss as a motion for judgment on the pleadings because they filed an answer prior to filing the motion to dismiss. *See* ECF Nos. 18, 21; *see also Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).").

**BACKGROUND**

Except as noted, the following facts are taken from the complaint, which the Court accepts as true for purposes of these motions. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Plaintiff is a makeup artist. Am. Compl. ¶ 7. In 2013, he did the "makeup artistry" for an editorial to be featured in W Magazine. *Id.* ¶¶ 20–21. Defendant Steven Klein was the photographer for the shoot. *Id.* ¶ 22. Klein and Defendant Francois Nars, a well-known makeup artist, then launched a line of makeup ("the Collection") and used Plaintiff's work to promote the Collection. *Id.* ¶ 1. Specifically, Defendants used the photographs taken during the W Magazine photoshoot to promote the Collection. *Id.* ¶ 23. These photos depicted Plaintiff's makeup artistry, but did not give Plaintiff credit for his work. *Id.* ¶¶ 24, 27.

Plaintiff alleges that he obtained a copyright "in the makeup artistry" used on the model during the photoshoot. *Id.* ¶ 55. Plaintiff received a copyright for a drawing depicting the makeup used during the shoot. *See id.* ("[Plaintiff] has a copyright in the makeup artistry depicted in . . . certificate of registration No. VA 2-105-396."); ECF No. 63-1 (copyrighted drawing); ECF No. 63-3 (copyright registration for VA 2-105-396).

**DISCUSSION**

I. <u>12(b)(6) and 12(c) Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel*, 259 F.3d at 126.

A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). The court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns*, 493 F.3d at 98.

II. Analysis

A. Copyright Infringement Claim

Plaintiff has abandoned his copyright infringement claim. It is well established that "[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims." *Rivera v. Balter Sales Co.*, No. 14 Civ. 1205, 2014 WL 6784384, at *3 (S.D.N.Y. Dec. 1, 2014); *see also McLeod v. Verizon N.Y., Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) ("[C]ourts in this circuit have held that [a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.") (internal quotation marks and citation omitted) (second alteration in original); *Volunteer Fire Ass'n of Tappan, Inc. v. Cty. of Rockland*, No. 09 Civ. 4622, 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010) ("Ordinarily . . . when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone."). In his opposition brief, Plaintiff concedes "that he [does not have a valid] copyright infringement claim." Pl. Opp. at 2, ECF No. 56. Accordingly, Defendants' motions to

dismiss Plaintiff's copyright infringement claim are GRANTED and the claim is DISMISSED.

B. Preemption

Defendants argue that Plaintiff's state law claims are preempted by the Copyright Act. Shiseido Mem. at 14–23, ECF No. 47; Klein Mem. at 14–19, ECF No. 50. "Under the complete-preemption doctrine, certain federal statutes are construed to have such extraordinary preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—i.e., completely preempted." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005) (internal quotation marks omitted). The Second Circuit has held that the Copyright Act is one such statute. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 305 (2d Cir. 2004). The Copyright Act completely preempts a state law claim if "(i) the work at issue 'come[s] within the subject matter of copyright' [the 'subject matter requirement'] and (ii) the right being asserted is 'equivalent to any of the exclusive rights within the general scope of copyright [the 'general scope requirement'].'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (alteration in original) (quoting 17 U.S.C. § 301(b)). If the court "determines that a state law claim has been completely preempted and thereby assumes jurisdiction over it, the court must then dismiss the claim for failing to state a cause of action." *Briarpatch*, 373 F.3d at 309.

1. Subject Matter Requirement

"The subject matter requirement is satisfied if the claim applies to a work of authorship in a tangible medium of expression and falling within one of the categories of copyrightable works." *Id.* at 305. Here, Plaintiff appears to allege that his state law claims arise from his "make up artistry," rather than the copyrighted drawing. Am. Compl. ¶¶ 60–75. Plaintiff argues that the subject matter requirement is not satisfied because makeup artistry (1) does not fall

4

within one of the copyrightable categories and (2) is not fixed in a tangible medium of expression. Pl. Opp. at 5–10.

17 U.S.C. § 102(a) delineates the categories of copyrightable material and includes, among other things, literary works, musical works, dramatic works, and pictorial, graphic, and sculptural works. To satisfy the subject matter requirement, a work "need only fit into one of the copyrightable categories in a broad sense." *Briarpatch*, 373 F.3d at 305. Here, makeup artistry fits within the "pictorial, graphic, and sculptural works" category "in a broad sense." *Id.* Moreover, although there is little case law analyzing this question, the courts that have addressed it have found that makeup designs fall within the ambit of copyright. *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 247 (S.D.N.Y. 2000) ("The [makeup] [d]esigns contain the requisite degree of originality, and are fixed in tangible form on the faces of the *Cats* actors);[3] *Mountain v. Mehron, Inc.*, No. 18 Civ. 00080, 2018 WL 5024918, at *14–15 (C.D. Cal. Aug. 15, 2018) (finding that "makeup design" expressed in "makeup art work" "together form the basis and source of Plaintiff's alleged copyright"). Additionally, the Court is cognizant that the "preemptive reach of the Copyright Act encompasses state law claims concerning uncopyrightable material." *Panizza v. Mattel, Inc.*, No. 02 Civ. 7722, 2003 WL 22251317, at *3 (S.D.N.Y. Sept. 30, 2003) (finding that ideas for computer programs, as well as programs themselves, satisfied the subject matter requirement even though ideas are not copyrightable); *see also Katz Dochrermann & Epstein, Inc. v. Home Box Office*, No. 97 Civ. 7763, 1999 WL 179603, at *2 (S.D.N.Y. Mar. 31, 1999) ("It is well established . . . that the scope of *preemption*

---

[3] To the extent Plaintiff is alleging that his state law claims arise from the copyrighted drawing, there is no question that the subject matter requirement is met. *See* 17 U.S.C. § 102(a)(5) ("Works of authorship include . . . pictorial, graphic, and sculptural works.").

5

under § 301 is not the same as the scope of copyright *protection*, and the former is in fact broader than the latter.").

Plaintiff next argues that makeup artistry is not fixed in a tangible medium of expression because it is "applied to the face, then photographed (or shown), then removed." Pl. Opp. at 7–8. In other words, he argues that it lacks sufficient permanence. However, a work is "fixed in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101. The Second Circuit has suggested that a work can be "fixed" if it exists for at least a few minutes. *Cartoon Network LP, LLLP v. CSC Holdings, Inc.,* 536 F.3d 121, 127–29 (2d Cir. 2008). There the court held that copies of television programs did not last "for a period of more than transitory duration" when they existed in the defendant's data buffers for only 1.2 seconds before being automatically overwritten. *Id.* at 129–130. However, the court suggested that a work would exist for "more than transitory duration" if it was embodied in the data buffers for "at least several minutes." *Id.* at 128. Applying those principles to the facts at hand, the Court finds that makeup designs are capable of being communicated "for a period of more than transitory duration" because they exist for more than several minutes.[4]

---

[4] Moreover, the case Plaintiff cites in support of his argument, *Kelley v. Chicago Park District*, 635 F.3d 290 (7th Cir. 2011), is inapposite. There the Seventh Circuit held that a garden was not sufficiently fixed for purposes of copyright protection because "[t]he essence of a garden is its vitality, not its fixedness. It may endure from season to season but its nature is one of dynamic change." *Id.* at 305–06. "Although the planting material is tangible and can be perceived for more than a transitory duration, it is not stable or permanent enough to be called 'fixed.' Seeds and plants in a garden are naturally in a state of perpetual change; they germinate, grow, bloom, become dormant and eventually die." *Id.* at 305. In other words, the garden's "appearance is too inherently variable to supply a baseline for determining questions of copyright creation and infringement." *Id.* This would lead to unanswerable questions like "at what point has fixation occurred? When the garden is newly planted? When its first blossoms appear? When it is in full bloom?" *Id.* A makeup design does not present these same challenges because the essence of makeup design is not constantly changing.

Accordingly, the Court holds that, for preemption purposes, makeup designs are encompassed by the subject matter of the Copyright Act.

### 2. General Scope Requirement

Having found that the works at issue come within the subject matter of copyright, the Court must now analyze whether the equivalency or general scope requirement is met for each claim. Under this requirement, "the state law claim must involve acts of reproduction, adaptation, performance, distribution or display." *Briarpatch*, 373 F.3d at 305. Additionally, "the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Id.* However, the Second Circuit takes "a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Id.* at 306.

#### a. Unjust Enrichment

"To prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Di Simone v. CN Plumbing, Inc.,* No. 13 Civ. 5088, 2014 WL 1281728, at *5 (E.D.N.Y. Mar. 31, 2014) (citation and internal quotation marks omitted). "The overwhelming majority of courts in this circuit have held that an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted." *Panizza*, 2003 WL 22251317 at *4. "The element of enrichment, while not required to establish copyright infringement, does not go far enough to make an unjust enrichment claim qualitatively different from a copyright infringement claim." *Einiger v. Citigroup, Inc.*, No. 14 Civ. 4570, 2014 WL 4494139, at *7 (S.D.N.Y. Sept. 12, 2014) (internal quotation marks, citation and alterations omitted).

Here, the crux of Plaintiff's unjust enrichment claim is that Defendants were unjustly "enriched by their use of [Plaintiff's] artistry upon all of the packaging, and in all of the promotional materials and advertising materials." Am. Compl. ¶ 61. Further, Plaintiff alleges that Defendants "palmed [his] artistry off as their own" and that they stole his work. *Id.* ¶¶ 62–63. This claim is not qualitatively different from a copyright infringement claim for preemption purposes. *See, e.g.*, *Panizza*, 2003 WL 22251317, at *4 (reaching the same conclusion where unjust enrichment claim solely concerned "the benefit defendant allegedly received by using plaintiff's ideas and related materials without her permission or authorization to do so"). Accordingly, Plaintiff's unjust enrichment claim is preempted by the Copyright Act and DISMISSED.

b. Unfair Competition and Misappropriation Claims

The Copyright Act preempts unfair competition and misappropriation claims "grounded solely in the copying of a plaintiff's protected expression." *Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (internal citation omitted). "Courts in this Circuit have consistently held that claims for misappropriation of rights within the scope of copyright brought under New York unfair competition law are preempted." *Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 933 (S.D.N.Y. Apr. 11, 1996).

"[U]nfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets have been held to satisfy the extra element test and avoid § 301 preclusion." *Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 297 (S.D.N.Y. 2007) (internal quotation marks and citation omitted). However, "[a] claim that a defendant has reproduced the plaintiff's work and sold it under the defendant's name . . . is preempted by the Copyright Act." *Am. Movie Classics Co.*, 922 F. Supp. at 934.

8

Here, Plaintiff's claim is squarely predicated on the idea that Defendants "used the very work that they incontrovertibly knew was not [Defendants'] to promote their own new make up line." Am. Compl. ¶ 68. Accordingly, Plaintiff's unfair competition and misappropriation claims are preempted and are DISMISSED.

    c. General Business Law § 349

To assert a claim under New York General Business Law ("GBL") § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citation omitted).

Here, Plaintiff alleges that "Defendants' conduct was materially and deceptively misleading" in part because it incorrectly led consumers to believe that the makeup being sold was the same makeup depicted in the photographs advertising the Collection. Am. Compl. ¶ 76. This is qualitatively different from a claim of copyright infringement because the alleged harms do not arise from Defendants' copying Plaintiff's makeup artistry. *Cf. Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 449 (S.D.N.Y. 2011) (finding that GBL § 349 claim was preempted because the claim "alleged harms arising only from [the defendant's] alleged copying of its design, and thus asserts only a harm squarely covered by federal copyright law"). Accordingly, Defendants' motion to dismiss Plaintiff's GBL § 349 on preemption grounds is DENIED.

    C. Supplemental Jurisdiction

Having dismissed Plaintiff's federal law claim, the Court has discretion under 28 U.S.C. § 1367(c) to exercise or not exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan*

9

*v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal quotation marks and citation omitted); *see also Einiger*, 2014 WL 4494139, at *5–8 (determining that certain state law claims were preempted by Copyright Act and declining to exercise supplemental jurisdiction over remaining state law claims). Weighing these factors, the court declines to exercise jurisdiction over Plaintiff's remaining state law claim. Accordingly, Plaintiff's remaining state law claim under GBL § 349 against Defendants is DISMISSED without prejudice to renewal in state court.

III.  Motion for Sanctions

The Court next turns to Defendants' motions for an award of sanctions under Federal Rule of Civil Procedure 11 against Plaintiff and his counsel Mark Moody. Shiseido Defendants move for sanctions under Rule 11 on the basis that the federal and state law claims asserted against it are frivolous and that certain factual allegations are false and lack evidentiary support, and under 28 U.S.C. § 1927 on the basis that the copyright claim and state law claims are frivolous and brought in bad faith. Shiseido Sanctions Mem., ECF No. 62. The Klein Defendants move for sanctions solely on the basis that the copyright claim is frivolous under U.S.C. § 1927 and the Court's inherent powers. Klein Sanctions Mem. at 1, ECF No. 65.

A. Factual Background

Plaintiff initiated this case in state court on June 10, 2018, alleging unjust enrichment, defamation, unfair competition, trade dress, false designation of origin, dilution, copyright infringement, deceptive acts and practices, tort and fraud. ECF No. 1-1. On July 11, 2019,

10

counsel for the Klein Defendants advised Plaintiff's counsel, Mark Moody, that "[t]he nature of your client's contributions to my client's photographic visual works are traditionally not protectable." Pelosi Decl. Ex. B, ECF No. 66-2.  Moody was also advised that his copyright claim lacked merit by counsel for the Shiseido Defendants.  Catchart Decl. ¶ 14, ECF No. 63.  On September 12, 2018, the case was removed to this Court.  ECF No. 1.  On September 18, 2018, Plaintiff filed an amended complaint alleging copyright infringement, unjust enrichment, and unfair competition and misappropriation.  Am. Compl.  Plaintiff failed to attach a copy of the Certificate of Registration, the specimen deposited with the Copyright Office, or the Copyright Application.  Prior to November 27, 2018, Defendant Klein's counsel had additional phone conversations with Moody in which Klein's counsel stated that Plaintiff had no copyright claim for numerous reasons, including that it was "impossible for [defendant], who conducted the photo shoot in 2013 to produce the photograph that is the subject of this litigation, to have had access to and copied a drawing created by [plaintiff] that was created *a year later* in 2014." Pelosi Decl. ¶ 3, ECF No. 66.  On November 27, 2018, the parties submitted a joint letter in advance of the initial pretrial conference in which Plaintiff continued to assert the validity of the copyright infringement claim and Defendants argued that the claim was not viable (the "Joint Letter").  ECF No. 33.

On December 3, 2018, this Court held an initial pretrial conference at which Mr. Moody stated that he would not be amending his complaint because Plaintiff was entitled to the relief sought.  ECF No. 34.  On December 6, 2018, the Klein Defendants filed a pre-motion letter seeking leave to file a motion to dismiss and setting forth their bases for doing so.  ECF No. 37.  This letter stated, among other things, "Mr. Klein could not have possibly accessed or referenced a [d]rawing created in 2014 to produce the photograph in 2013.  This claim is implausible.

11

Plaintiff's copyright claim fails on this fact alone." *Id.* at 2. The letter also stated that the Copyright Act would preempt Plaintiff's state law claims. *Id.* at 3–4. On December 13, 2018, Mr. Moody filed a letter stating that "there is no copyright claim" because "[m]ake up artistry is not copyrightable." ECF No. 38 at 2. The letter further stated that "[Plaintiff's] copyright claim *should* be dismissed" and Plaintiff's state law claims should not be preempted because makeup artistry is not copyrightable. *Id.* at 3. That same day, this Court issued an order stating that "[i]n light of Plaintiff's admission, should the Klein Defendants file their anticipated motion to dismiss, the Court would likely dismiss the federal copyright claim and deny supplemental jurisdiction over the state law claims." December 13 Order, ECF No. 39. The order further directed the parties "to file a stipulation of dismissal without prejudice or a letter stating whether they would like to proceed with the motion to dismiss." *Id.* On December 18, 2018, Plaintiff emailed counsel for the Klein Defendants stating that he was "prepared to file a Notice of Voluntary Dismissal" (the "December 18 Email"). ECF No. 74 at 9. On December 20, 2018, the Klein Defendants filed a letter stating that they wished to proceed with filing a motion to dismiss and did not "consent to filing a stipulation of dismissal" because they intended to seek sanctions and attorneys' fees against Plaintiff. ECF No. 41. That same day, the Shiseido Defendants filed a letter similarly stating that they wished to proceed with the motion to dismiss. ECF No. 42. Plaintiff did not respond to the Court's order. On December 21, 2018, this Court issued an order setting forth a briefing schedule for Defendants' proposed motions to dismiss and motions for sanctions. ECF No. 43.[5]

---

[5] The briefing schedule for the motion for sanctions was subsequently modified to provide that Defendants serve their motion for sanctions on Plaintiff by January 18, 2019 and file the motion on February 11, 2019. ECF No. 45.

B. Rule 11

Under Rule 11, a party can move for sanctions if a pleading lacks evidentiary support, is not warranted by existing law, or is filed for an improper purpose. Fed. R. Civ. P. 11(b). Rule 11's safe harbor provision provides that a motion for sanctions must be served on the offending party before it is filed with the court and the motion shall not be filed if the offending party withdraws or corrects the "challenged paper, claim, defense, contention, or denial" within 21 days of service. *Id.* at (c)(2). At issue here is whether Plaintiff's counsel's December 18 Email, indicating that he was prepared to file a notice of voluntary dismissal, brings him within the safe harbor provision. The Court finds that it does.

Plaintiff offered to dismiss the copyright claim three months before Defendants filed their motions for sanctions.[6] Defendants, however, contend that Plaintiff's email was insufficient because it did not offer to dismiss the claim with prejudice. Shiseido Sanctions Reply at 4, ECF No. 71; Klein Sanctions Reply at 3, ECF No. 72.[7] However, the email in question does not specify whether the voluntary dismissal would be with or without prejudice. *See* ECF No. 74 at 9. More importantly, the rule does not state that the dismissal must be with prejudice and courts have found that a dismissal without prejudice is sufficient to bring the offending party within the protection of the safe harbor provision. *See Photocircuits Corp. v. Marathon Agents, Inc.,* 162

---

[6] The Court finds that the form of the offer, email, is sufficient to bring it within the protection of safe harbor. The Committee Notes to Rule 11 provide that the withdrawal can be informal. *See* Fed. R. Civ. P. 11 advisory comm. notes to 1993 amendment ("If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court."). Courts to consider the issue have found that a "proffer of a stipulation of dismissal is sufficient to satisfy the safe harbor requirement of Rule 11." *Carruthers v. Flaum*, 450 F. Supp. 2d 288, 307 (S.D.N.Y. 2006); *See also Fiss v. Pro Pharma Pharm. Consultants, Inc.*, No. 07 Civ. 3251, 2008 WL 11338167, at *2 (C.D. Cal Jan. 14, 2008) ("Accordingly, [plaintiff's] notification of intent to withdraw put [plaintiff] within the safe harbor of Rule 11.").

[7] The Shiseido Defendants allege that the December 18 email was only sent to the Klein Defendants. Shiseido Sanctions Reply at 4. Regardless, Plaintiff adequately communicated his withdrawal again in his pre-motion letter dated December 13, 2018. ECF No. 38.

13

F.R.D. 449, 452 (E.D.N.Y. Aug. 3, 1995) ("In this case, the complaint was voluntarily withdrawn prior to the filing of the motion, which act immunized plaintiff's counsel."). Furthermore, here Plaintiff's counsel made this offer before Defendants took the time and expense of engaging in motion practice. Accordingly, Plaintiff is within Rule 11's safe harbor provision and cannot be sanctioned.[8]

### C. 28 U.S.C. § 1927

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. It does not contain a safe harbor provision and courts have used it to impose sanctions that are prohibited under Rule 11 due to the safe harbor provision. *See, e.g., Galonsky v. Williams*, No. 96 Civ. 6207, 1997 WL 759445, at *7 (S.D.N.Y. Dec. 10, 1997). "[A]wards under § 1927 are made only against attorneys or other persons authorized to practice before the courts." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

"[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Id.* "Bad faith is the touchstone of an award under this statute." *United States v. Int'l Brotherhood of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). To impose sanctions, the Court must find clear evidence that "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Commc'ns, Inc.*,

---

[8] To the extent Plaintiff seeks an award of attorneys' fees for the costs in opposing the motion for sanctions, that court finds that request to be without merit and it is accordingly DENIED.

14

114 F.3d 395, 398 (2d Cir. 1997). Harassment and delay are two improper purposes. *In re Khan*, 593 F. App'x 83, 85 (2d Cir. 2015).

The copyright infringement claim is entirely meritless because Plaintiff created the copyrighted work, the drawing, after the alleged infringing photograph was created. Plaintiff alleges that a photograph that was taken in 2013 infringed upon a drawing that he created in 2014. *See* Am. Compl. ¶¶ 21–23, 55–57; ECF No. 51-1 (Copyright Registration listing 2014 as the year of completion). It is not possible to copy something that has not yet been created. As a legal matter, Plaintiff cannot establish copyright infringement on these facts because he cannot establish that the work was "actually copied." *Castle Rock Entm't v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (2d Cir. 1998).

"To establish copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To satisfy the second prong, "a plaintiff must show both that his work was 'actually copied' and that the portion copied amounts to an 'improper or unlawful appropriation.'" *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quoting *Castle Rock Entm't*, 150 F.3d at 137).

"Actual copying may be proved with direct or indirect evidence." *Id.* (quoting *Boisson v. Banian, Ltd.*, 273 F.3d 262, 267 (2d Cir. 2001)). Plaintiff has put forth no evidence of direct copying and could not plausibly do so because the infringing photograph was created before the copyrighted drawing.

"In the absence of direct evidence of copying, copyright infringement requires showing '(a) that the defendant had access to the copyrighted work and (b) the substantial similarity of

protectible material in the two works.'" *Croak v. Saatchi & Saatchi, N. Am., Inc.*, 174 F. Supp. 3d 829, 834 (S.D.N.Y. 2016) (quoting *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993)). To establish access, a plaintiff must show that the alleged infringer "had a reasonable possibility of viewing the prior work." *Boisson*, 273 F.3d at 270. Plaintiff will not be able to establish that Defendants "had a reasonable possibility of viewing the prior work" because the "prior work" was created after the allegedly infringing work.[9] Accordingly, the Court finds that Plaintiff's copyright claim is entirely meritless.[10]

The Court must now assess whether Mr. Moody acted in bad faith for an improper purpose. Examples of acts that

> "under the bad faith test would justify sanctions under § 1927 . . . include: resubmitting a motion that had previously been denied; bringing a motion based on facts the opposite of which were previously found by the court; making several insupportable bias recusal motions and repeated motions to reargue; continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a jury demand."

*Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995) (internal quotation marks and citation omitted).

Although "the bad faith requirement has been interpreted restrictively," *Scrilla Hill Entm't Inc. v. Dupree*, 16 Civ. 490, 2016 WL 5817064 at *4 (S.D.N.Y. Oct. 5, 2016) (internal quotation marks and citation omitted), bad faith may be inferred "when a party undertakes frivolous actions that are completely without merit." *Huebner v. Midland Credit Mgmt., Inc.*,

---

[9] Where a plaintiff cannot establish that the alleged infringer had access to the copyrighted work, it may still satisfy the copying prong by showing that the two works are "strikingly similar." *Webb v. Stallone*, 910 F. Supp. 2d 681, 687 (S.D.N.Y. 2012). "To show striking similarity, the works must be so identical as to preclude any reasonable possibility of independent creation." *Id.* (internal quotation marks and citation omitted). Even putting aside the factual impossibility of the alleged infringement here, upon review of the copyrighted work and the alleged infringement, there is no question that the two works are not strikingly similar. *See* ECF No. 63-1 (copyrighted drawing); ECF No. 63-4 (allegedly infringing photograph).

[10] To the extent the Shiseido Defendants seek sanctions under 28 U.S.C. § 1927 for Plaintiff's state law claims, the Court finds that they do not rise to the level of being entirely without merit.

897 F.3d 42, 55 (2d Cir. 2018) (internal quotation marks and citation omitted).

As previously discussed, the copyright claim was *entirely* without merit based on the facts as alleged in the amended complaint. Further, this is not a case where the facts necessary to demonstrate copyright infringement were within another party's "exclusive control." *Greenberg v. Chrust*, 297 F. Supp. 2d 699, 704 (S.D.N.Y. 2004). Nor did Moody merely fail to investigate the truth and accuracy of his client's claims. *See id.* at 705. Instead, the amended complaint clearly demonstrates that there is no plausible copyright claim because it states that the photoshoot took place in 2013 and the copyright registration it references lists that the work was created in 2014. Am. Compl. In other words, "Moody knew or should have known that [Plaintiff's] suit was devoid of merit." *Huebner*, 897 F.3d at 56. Moreover, Moody has not explained why he believed there was a valid copyright infringement claim when the suit was filed, but a mere few months later he decided that under "the black letter bedrock of copyright law" there was no copyright claim. ECF No. 38 at 2. The timing strongly suggests that Mr. Moody changed his position out of fear that the state law claims would be preempted: after several months of asserting the validity of the copyright claim, Mr. Moody conceded that point as soon as the Defendants presented the preemption argument in their pre-motion letter, ECF No. 37 at 3–4. On these facts, the Court concludes that the continuation of the action as pleaded was "more than the result of poor legal judgment," *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 340 (2d Cir. 1999), because based on the undisputed facts, there was no factual basis for a copyright claim at the time the amended complaint was filed and Mr. Moody continued to pursue it, despite numerous warnings,[11] until he realized that his state law claims might be

---

[11] Mr. Moody had ample opportunity to withdraw the copyright claim. First, he could have contested removal when the case was removed from state court on September 12, 2018. ECF No. 1. Second, he could have removed the copyright claim when he filed his amended complaint on September 18, 2018. Am. Compl. Third, he could have

preempted if the case remained in federal court. Accordingly, the Court finds that Mr. Moody acted in bad faith when he filed a claim for copyright infringement.

Having concluded that Section 1927 sanctions are warranted, the Court must decide what sanctions are appropriate.[12] Under these circumstances, the Court finds that the appropriate sanction is requiring Mr. Moody to reimburse Defendants for their reasonable attorneys' fees and other expenses associated with defending this case until December 18, 2018, when Mr. Moody offered to withdraw the copyright claim, and the attorneys' fees and costs associated with their motions for sanctions. The Court will not require Mr. Moody to reimburse Defendants for the fees associated with their motions to dismiss because, as previously discussed, Mr. Moody offered to withdraw the copyright claim before those motions were filed.

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED: Claims One through Three are DISMISSED with prejudice, and Claim Four is DISMISSED without prejudice to renewal.

With respect to Defendants' motions for sanctions, the Shiseido Defendants' motion is GRANTED in part, DENIED in part and the Klein Defendants' motion is GRANTED. Plaintiff's counsel, Mark Moody, is ordered to reimburse Defendants for their reasonable attorneys' fees and expenses associated with defending this action from its commencement until December 18, 2018, and the motions for sanctions. Counsel shall confer in an effort to reach

---

admitted the invalidity of the copyright claim in the joint letter, dated November 27, 2018, submitted to the Court in advance of the initial pretrial conference. ECF No. 33. Fourth, he could have sought leave to file an amended complaint, including in response to the Court's direct inquiry at the pretrial conference on December 3, 2018. ECF No. 34. His failure to do so at any of these points "unreasonably and vexatiously" multiplied the proceedings in this case. 28 U.S.C. § 1927.

[12] The Court declines to analyze the merits of sanctions under its "inherent authority," because Defendants have successfully argued for the imposition of sanctions under Section 1927.

agreement on what constitutes such "reasonable expenses." Barring agreement, Defendants shall file a motion for attorney's fees, supported by contemporaneous billing records, no later than **July 30, 2019**. By **August 13, 2019**, Mr. Moody shall file any opposition. Absent leave of the Court, Defendants may not file any reply.

The Clerk of Court is directed to terminate the motions at ECF Nos. 46, 49, 61, 64, 77, 79, and 80.

SO ORDERED.

Dated: July 2, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge