UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SAMMY MOURABIT,

      Plaintiff,

-against-

STEVEN KLEIN, STEVEN KLEIN STUDIO, LLC, STEVEN KLEIN STUDIO, INC., FRANCOIS NARS, SHISEIDO INC., SHISEIDO INTERNATIONAL d/b/a SHISEIDO AMERICAS CORPORATION,

      Defendants.

18 Civ. 8313 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

  Plaintiff, Sammy Mourabit, brings this action against Defendants, Francois Nars, Shiseido America, Inc., Shiseido International (the "Shiseido Defendants"); Steven Klein, Steven Klein Studio, Inc., and Steven Klein Studio, LLC (the "Klein Defendants") alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and numerous state law claims. Am. Compl., ECF No. 12. The Shiseido Defendants and the Klein Defendants moved to dismiss the amended complaint under Rule 12(b)(6), ECF Nos. 46, 49, and for sanctions, ECF Nos. 61, 64. On July 2, 2019, the Court granted Defendants' motions to dismiss and motions for sanctions (the "July Order"). July Order, ECF No. 84. Plaintiff's counsel Mark Moody ("Moody") moves for partial reconsideration of the July Order. ECF No 86. For the reasons stated below, the motion is GRANTED. Upon reconsideration, the portion of the July Order sanctioning Moody is VACATED.

## BACKGROUND

  Plaintiff is a makeup artist. Am. Compl. ¶ 7. In 2013, he did the "makeup artistry" for an editorial to be featured in W Magazine. *Id.* ¶¶ 20–21. Defendant Steven Klein was the

photographer for the shoot. *Id.* ¶ 22. Klein and Defendant Francois Nars, a well-known makeup artist, then launched a line of makeup ("the Collection") and used Plaintiff's work to promote the Collection. *Id.* ¶ 1. Specifically, Defendants used the photographs taken during the W Magazine photoshoot to promote the Collection. *Id.* ¶ 23. These photos depicted Plaintiff's makeup artistry, but did not give Plaintiff credit for his work. *Id.* ¶¶ 24, 27.

Plaintiff alleges that he obtained a copyright "in the makeup artistry" used on the model during the photoshoot. *Id.* ¶ 55. Plaintiff received a copyright for a drawing depicting the makeup used during the shoot (the "Drawing"). *See id.* ("[Plaintiff] has a copyright in the makeup artistry depicted in . . . certificate of registration No. VA 2-105-396."); ECF No. 63-1 (copyrighted drawing); ECF No. 63-3 (copyright registration for VA 2-105-396). The copyright registration lists the date of completion as 2014. *Id.*

Plaintiff initiated this case in state court on June 10, 2018, alleging unjust enrichment, defamation, unfair competition, trade dress, false designation of origin, dilution, copyright infringement, deceptive acts and practices, tort and fraud. ECF No. 1-1. On July 11, 2019, counsel for the Klein Defendants advised Moody that "[t]he nature of your client's contributions to my client's photographic visual works are traditionally not protectable." Pelosi Decl. Ex. B, ECF No. 66-2. Moody was also advised that his copyright claim lacked merit by counsel for the Shiseido Defendants. Catchart Decl. ¶ 14, ECF No. 63. On September 12, 2018, the case was removed to this Court. ECF No. 1. On September 18, 2018, Plaintiff filed an amended complaint alleging copyright infringement, unjust enrichment, and unfair competition and misappropriation. Am. Compl. Prior to November 27, 2018, Defendant Klein's counsel had additional phone conversations with Moody in which Klein's counsel stated that Plaintiff had no copyright claim for numerous reasons, including that it was "impossible for [defendant], who

2

conducted the photo shoot in 2013 to produce the photograph that is the subject of this litigation, to have had access to and copied a drawing created by [plaintiff] that was created *a year later* in 2014." Pelosi Decl. ¶ 3, ECF No. 66.  On November 27, 2018, the parties submitted a joint letter in advance of the initial pretrial conference in which Plaintiff continued to assert the validity of the copyright infringement claim and Defendants argued that the claim was not viable.  ECF No. 33.

On December 3, 2018, this Court held an initial pretrial conference at which Moody stated that he would not be amending his complaint because Plaintiff was entitled to the relief sought.  ECF No. 34.  On December 6, 2018, the Klein Defendants filed a pre-motion letter seeking leave to file a motion to dismiss and setting forth their bases for doing so.  ECF No. 37.  This letter stated, among other things, "Klein could not have possibly accessed or referenced a [d]rawing created in 2014 to produce the photograph in 2013.  This claim is implausible.  Plaintiff's copyright claim fails on this fact alone." *Id.* at 2.  The letter also stated that the Copyright Act would preempt Plaintiff's state law claims. *Id.* at 3–4.  On December 13, 2018, Moody filed a letter stating that "there is no copyright claim" because "[m]ake up artistry is not copyrightable."  ECF No. 38 at 2.  The letter further stated that "[Plaintiff's] copyright claim *should* be dismissed" and Plaintiff's state law claims should not be preempted because makeup artistry is not copyrightable. *Id.* at 3.  That same day, this Court issued an order stating that "[i]n light of Plaintiff's admission, should the Klein Defendants file their anticipated motion to dismiss, the Court would likely dismiss the federal copyright claim and deny supplemental jurisdiction over the state law claims."  December 13 Order, ECF No. 39.  The order further directed the parties "to file a stipulation of dismissal without prejudice or a letter stating whether they would like to proceed with the motion to dismiss." *Id.*  On December 18, 2018, Moody

3

emailed counsel for the Klein Defendants stating that he was "prepared to file a Notice of Voluntary Dismissal." ECF No. 74 at 9. On December 20, 2018, the Klein Defendants filed a letter stating that they wished to proceed with filing a motion to dismiss and did not "consent to filing a stipulation of dismissal" because they intended to seek sanctions and attorneys' fees against Plaintiff. ECF No. 41. That same day, the Shiseido Defendants filed a letter similarly stating that they wished to proceed with the motion to dismiss. ECF No. 42. Plaintiff did not respond to the Court's order.

## DISCUSSION

I.     <u>Legal Standard</u>

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). To that end, a party may not use a motion for reconsideration to "advance new facts, issues or arguments not previously presented to the court.'" *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013). Instead, motions for reconsiderations are narrowly construed in order "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The burden rests with the party seeking reconsideration to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

II.     Analysis

To impose sanctions under 28 U.S.C. § 1927, the Court must find clear evidence that "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997). In the July Order, the Court found that Plaintiff's claims were entirely meritless because "Plaintiff created the copyrighted work, the [D]rawing, after the alleged infringing photograph was created." July Order at 15. In particular, the Copyright Application states that the work was created in 2014. ECF No. 63-3, but the Amended Complaint states that the photoshoot took place around December 15, 2013. Am. Compl. ¶ 21.

Moody moves for reconsideration on the ground that the Court overlooked his declaration submitted in support of his sanctions' opposition brief (the "Declaration")—specifically his representation that the Drawing was created before the alleged infringing photograph. *See* Pl. Decl. ¶ 27, ECF No. 74 (stating that the Drawing was created in 2013, and the 2014 date listed in Copyright Registration was error of copyright counsel). Moody further requested that the Court review *in camera* emails between Plaintiff, Moody, and Plaintiff's copyright counsel. *Id.*

The Court's prior determination that Moody's actions were "completely without merit," rested on the conclusion that the allegedly infringing photograph was created before the Drawing. July 16 Order at 16. In other words, the Court had concluded that the copyright infringement claim was "entirely meritless" because "[i]t is not possible to copy something that has not yet been created." July Order at 15. In making that determination, however, the Court overlooked the statement Moody made in the Declaration and his offer to provide emails substantiating his claims for *in camera* review. Having reviewed the emails, *see* ECF No. 109, the Court no longer concludes that Moody's actions were "so completely without merit" to

5

justify the imposition of sanctions as they indicate that Plaintiff represented to Moody that the Drawing was created in 2013.

Although Moody's actions may represent "poor legal judgment," *Schlaifer Nance & Co v. Estate of Warhol*, 194 F.3d 323, 340 (2d Cir. 1999), the Court is also cognizant that "[a] sanctions award implicates the reputational interests of the attorney . . . his primary asset," *Agee*, 114 F.3d at 398. and that, therefore, "the bad faith standard is interpreted stringently," *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016). Here, the Court inferred bad faith based on the fact that the copyright claim was "entirely without merit," which in turn was premised on the Drawing's creation after the alleged infringement. *See* July Order at 16–17. Because the Court can no longer conclude that Moody had no reasonable basis for his belief that the Drawing's creation pre-dated the alleged infringement, the Court can similarly no longer impute bad faith to Moody's actions.

Defendants make several arguments. First, Defendants argue that Moody "waived this matter by choosing not to address it until after judgment was entered against his client and sanctions granted against himself." Def. Opp. at 3, ECF No. 92. The Court disagrees. Although the Court questions why Moody did not specifically raise this in his opposition brief or at any other point in the litigation, the Court rejects Defendants' argument that this issue "was never meaningfully raised in the briefing" of the sanctions motion. *See* Def. Opp. at 3; *Associated Press v. U.S. Dep't of Def.*, 410 F. Supp. 2d 147, 152 (S.D.N.Y. 2006) ("A motion for reconsideration allows a party to bring to the Court's attention to an argument the party has previously raised and the Court has overlooked; but it does not allow a party to use the guise of 'reconsideration' to raise what is effectively a new argument or one never meaningfully developed previously."). First, Moody's Declaration was submitted with his sanctions'

opposition brief. Pl. Decl. Second, his opposition brief specifically referenced the Declaration and stated that it "details the genesis of the filing of the copyright infringement claim." ECF No. 73 at 11. The Declaration stated that Moody could provide the referenced emails to the Court for *in camera* review. Pl. Dec. ¶ 27. Accordingly, the Court does not find that Moody has waived this argument.

Next, Defendants argue that Moody's statement in his Declaration is inadmissible hearsay. Def. Opp. at 5–6. The Court need not decide this question as, at this stage, the issue is not whether the Drawing was in fact created in 2013, but rather whether Moody lacked a reasonable good faith basis for alleging that it was, such that it can be said that his "actions are so completely without merit as to require the conclusion that they must have been undertaken from some improper purpose." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (internal quotation marks, citation, and alteration omitted). As previously discussed, after reviewing the emails submitted for *in camera* review, the Court can no longer conclude that Moody "had utterly no basis for [his] subjective belief in the case," *Schlaifer*, 194 F.3d at 340, as the emails demonstrate that, prior to filing this lawsuit, Moody's client represented that the Drawing was created in 2013.[1]

Finally, Defendants argue that the Court awarded sanctions based on numerous instances of sanctionable conduct. Def. Opp. at 7. Defendants are incorrect. The basis for the Court's finding that the claim was entirely meritless was that the Drawing was created after the allegedly infringing photograph, this conclusion also informed the Court's determination that Moody acted

---

[1] The statements made in the emails do not constitute hearsay because the significance of the offered statements in the emails "lies solely in the fact that [they were] made," *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (citing Fed. R. Evid. 801(c) advisory committee's note), because they speak to whether Moody acted in bad faith in filing a claim for copyright infringement.

7

in bad faith.[2]  Moreover, because 28 U.S.C. § 1927 requires a two-pronged analysis, the Court's finding that the "claim [was] not entirely without color" precludes the imposition of sanctions. *In re Khan*, 593 F. App'x 83, 85 (2d Cir. 2015) (internal quotation marks and citation omitted). Additionally, Moody offered to withdraw the copyright claim less than three months after the case was removed to federal court.  Accordingly, although his actions until that time are highly questionable, particularly his decision to abandon the copyright claim midstream, the "bad faith bar is difficult to satisfy and should be invoked with restraint."  *Spartan Capital Sec., LLC v. Stonbely*, No. 18 Civ. 6819, 2018 WL 6070001, at *11 (S.D.N.Y. Nov. 21, 2018), *report and recommendation adopted sub nom.*, *Spartan Capital Sec., Inc. v. Stonbely*, No. 18 Civ. 6819, 2019 WL 95476 (S.D.N.Y. Jan. 3, 2019).  Without the finding that Moody had utterly no basis to believe that the Drawing was created before the allegedly infringing photograph, the Court cannot conclude that there is "clear evidence" that Moody acted in bad faith.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration of the July Order is GRANTED and the portion of the July Order imposing sanctions against Moody is VACATED.

---

[2] Defendants correctly point out that the Court also found that the works were not "strikingly similar."  July Order at 16 n.9.  However, striking similarity is only applicable when a plaintiff cannot establish the alleged infringer had access to the copyrighted work.  July 16 Order at 16 n.4 (citing *Webb v. Stallone*, 910 F. Supp. 2d 681, 687 (S.D.N.Y. 2012)).  The Court's finding that Plaintiff would not "be able to establish that Defendants had a reasonable possibility of viewing the prior work" was based on the fact that the Drawing was created after the allegedly infringing work.  *Id.* at 16.

The Clerk of Court is directed to terminate the motion at ECF No. 86.

SO ORDERED.

Dated: September 13, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge