UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMMY MOURABIT,

                  Plaintiff,

      -against-

STEVEN KLEIN, STEVEN KLEIN STUDIO,
LLC, STEVEN KLEIN STUDIO, INC.,
FRANCOIS NARS, SHISEIDO INC.,
SHISEIDO INTERNATIONAL d/b/a
SHISEIDO AMERICAS CORPORATION,

                  Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/1/2020
```

18 Civ. 8313 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Sammy Mourabit, brought this action against Defendants, Francois Nars, Shiseido America, Inc., Shiseido International (the "Shiseido Defendants"); Steven Klein, Steven Klein Studio, Inc., and Steven Klein Studio, LLC (the "Klein Defendants") alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and several state law claims. Am. Compl., ECF No. 12. The Shiseido Defendants and the Klein Defendants moved to dismiss the amended complaint under Rule 12(b)(6), ECF Nos. 46, 49, and for sanctions, ECF Nos. 61, 64. On July 2, 2019, the Court entered an order granting Defendants' motions to dismiss and motions for sanctions against Plaintiff's counsel under 28 U.S.C. § 1927 (the "July Order"). July Order, ECF No. 84. On September 13, 2019, the Court granted a motion for reconsideration filed by Plaintiff's counsel, and vacated the portion of the July Order awarding sanctions. ECF No. 110.

      Now before the Court are motions for attorney's fees under the Copyright Act, 17 U.S.C. § 505, brought by the Shisheido Defendants and the Klein Defendants. ECF Nos. 112, 118. For the reasons that follow, Defendants' motions are DENIED.

## BACKGROUND

Plaintiff is a makeup artist.  Am. Compl. ¶ 7.  In 2013, he performed the "makeup artistry" for an editorial to be featured in W Magazine.  *Id.* ¶¶ 20–21.  Defendant Steven Klein was the photographer for the shoot.  *Id.* ¶ 22.  Klein and Defendant Francois Nars, a well-known makeup artist, then launched a line of makeup ("the Collection") and used the photographs taken during the W Magazine photoshoot to promote the Collection.  *Id.* ¶ 23.  These photos depicted Plaintiff's makeup artistry, but did not give Plaintiff credit for his work.  *Id.* ¶¶ 24, 27.

In his original complaint, and first amended complaint, Plaintiff alleged that he obtained a copyright "in the makeup artistry" used on the model during the photoshoot.  *Id.* ¶ 55; *see* Original Compl. ¶ 52, ECF No. 1-1.  Plaintiff received a copyright for a drawing depicting the makeup used during the shoot (the "Drawing").  *See* Am. Compl. ¶ 55. ("[Plaintiff] has a copyright in the makeup artistry depicted in . . . certificate of registration No. VA 2-105-396.");  ECF No. 63-1 (copyrighted drawing); ECF No. 63-3 (copyright registration for VA 2-105-396).

Plaintiff initiated this case in state court on June 10, 2018, alleging copyright infringement, and state law claims for unjust enrichment, unfair competition and misappropriation, and deceptive business practices.  Summons at 1, ECF No. 1-1; Original Compl. ¶¶ 51–74.  On July 11, 2018, counsel for the Klein Defendants advised Plaintiff's counsel that "[t]he nature of your client's contributions to my client's photographic visual works are traditionally not protectable."  Pelosi Decl. Ex. B, ECF No. 66-2.  The Shiseido Defendants sent a similar message.  Catchart Decl. ¶ 14, ECF No. 63.  On September 12, 2018, the case was removed to this Court.  ECF No. 1.  On September 18, 2018, Plaintiff filed an amended complaint alleging copyright infringement, unjust enrichment, and unfair competition and misappropriation.  Am. Compl. ¶¶ 54–77.  Prior to November 27, 2018, Defendant Klein's

counsel had additional phone conversations with Plaintiff's counsel in which Klein's counsel stated that Plaintiff had no copyright claim for numerous reasons.  Pelosi Decl. ¶ 3, ECF No. 66. On November 27, 2018, the parties submitted a joint letter in advance of the initial pretrial conference in which Plaintiff continued to assert the validity of the copyright infringement claim and Defendants argued that the claim was not viable.  ECF No. 33.

On December 3, 2018, this Court held an initial pretrial conference at which Plaintiff's counsel stated that Plaintiff would not be amending his complaint.  ECF No. 34.  On December 6, 2018, the Klein Defendants filed a pre-motion letter seeking leave to file a motion to dismiss and setting forth their bases for doing so.  ECF No. 37.

On December 13, 2018, Plaintiff filed a responsive letter changing course.  Pl. Pre-Motion Letter, ECF No. 38.  Plaintiff's letter stated that "there is no copyright claim" because "[m]ake up artistry is not copyrightable," and that as a result "[Plaintiff's] copyright claim *should* be dismissed."  *Id* at 2–3.  For the same reasons, however, Plaintiff argued that his state law claims fell outside the scope of Copyright Act preemption, and should survive.  *Id.*  That same day, this Court issued an order stating that "[i]n light of Plaintiff's admission, should the Klein Defendants file their anticipated motion to dismiss, the Court would likely dismiss the federal copyright claim and deny supplemental jurisdiction over the state law claims." December 13 Order, ECF No. 39.  The order further directed the parties "to file a stipulation of dismissal without prejudice or a letter stating whether they would like to proceed with the motion to dismiss."  *Id.*

On December 18, 2018, Plaintiff's counsel emailed counsel for the Klein Defendants stating that he was "prepared to file a Notice of Voluntary Dismissal."  ECF No. 74 at 9.  On December 20, 2018, the Klein Defendants filed a letter stating that they wished to proceed with

filing a motion to dismiss and did not "consent to filing a stipulation of dismissal" because they intended to seek sanctions and attorneys' fees against Plaintiff.  ECF No. 41.  That same day, the Shiseido Defendants filed a letter similarly stating that they wished to proceed with the motion to dismiss.  ECF No. 42.

On July 2, 2019, the Court granted Defendants' motions to dismiss, holding that Plaintiff had abandoned his copyright infringement claim, that his state law unjust enrichment and unfair competition claims were preempted by federal law, and that the Court lacked jurisdiction over his claim of deceptive business practices under New York General Business Law § 349.  July Order at 3–10.  The Second Circuit affirmed that order on June 8, 2020.  *Mourabit v. Klein*, No. 19-2142-CV, 2020 WL 3042131 (2d Cir. June 8, 2020).

## DISCUSSION

I.    Legal Standard

Section 505 of the Copyright Act allows district courts to "award a reasonable attorney's fee to the prevailing party" in a copyright action.  17 U.S.C. § 505.  Courts possess "broad leeway" to award fees under Section 505 when doing so will "advance[] the Copyright Act's goals."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985–86 (2016).  "[S]everal nonexclusive factors" inform this exercise of discretion, including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 1985 (internal quotation marks, citation, and alteration omitted).  "Although objective reasonableness [of the losing party's position] carries significant weight, courts must view all the circumstances of a case on their own terms."  *Id.* at 1989.

If a court determines that an award of fees is warranted, it must then assess the prevailing party's requested fees to ensure that they are reasonable.  *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001).

II.    Analysis

The Court concludes that an award of attorney's fees would not promote the purposes of the Copyright Act, or efficient litigation.  To be sure, there are reasons to believe Plaintiff's assertion of a copyright infringement claim was not reasonable.  First and foremost, Plaintiff repeatedly admitted that the claim was meritless.  *See* Pl. Pre-Motion Letter; Pl. MTD Opp. at 2, 3, 5–10, ECF No. 55.  In his opposition to Defendants' motion for attorney's fees, Plaintiff again admits that he does not have a valid copyright claim, and never did.  Pl. Fees Opp. at 8, 16–17, ECF No. 123.  Plaintiff's purported justification for bringing a meritless copyright cause of action does not help his case.  Plaintiff claims that he sought copyright registration for the Drawing with the intent of being rejected, in an effort to build a record that would counter an anticipated preemption defense.  *Id.* at 5–6, 16–17.  When the registration was unexpectedly approved, he claims, he was forced to make the "strategic choice" to include an infringement claim in this action, despite believing that such a claim was not viable.  *Id.* at 5.  The logic appears to be that because Defendants would likely have removed this action to federal court to assert a preemption defense regardless of whether Plaintiff brought a federal claim, there was little harm in throwing in a copyright infringement cause of action, even if such a claim was likely to fail.  *See id.* at 16.  The suggestion that Plaintiff did not litigate the copyright claim "vigorously"—because it was asserted in "4 factually scant paragraphs," in the complaint, and Plaintiff's counsel did little to press the claim—is likewise unhelpful to Plaintiff.  *Id.* at 6–7, 16. What Plaintiff's brief describes is bad lawyering, not a reasonable litigation tactic.

Nonetheless, the Court must consider whether an award of attorney's fees would advance the Copyright Act's purposes in the context of the litigation as a whole.  The Supreme Court has explained that copyright fee awards should "encourage[] parties with strong legal positions to stand on their rights and deter[] those with weak ones from proceeding with litigation." *Kirtsaeng*, 136 S. Ct. at 1986.  Thus, fee awards to a prevailing defendant can serve the Copyright Act's goals by making sure "a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorney's fees in a protracted suit might be as or more costly than a settlement," and that "the copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment)."  *Id.* at 1986–87.

Here, Plaintiff conceded that his copyright infringement claim was meritless, and sought to withdraw it, even before a motion to dismiss was filed, and without any settlement offer from Defendants.  The Copyright Act's aims are not advanced by penalizing Plaintiff when he admitted the copyright claim's failings early in the litigation.  Doing so would reverse the paradigm described by the Supreme Court.  A plaintiff who realizes that his position is hopeless once confronted with the other side's arguments against it would have little incentive to admit the error.  And a defendant whose adversary has conceded would nonetheless have a financial interest in rejecting the concession, and forcing a judicial determination of the claim's validity.  Courts would be required, at best, to waste time and resources resolving claims on which there is no dispute between the parties, and at worst to wade through doomed arguments thrown up by desperate plaintiffs.  Pointlessly prolonging litigation does not serve the Copyright Act's purposes.

Moreover, in this case, the Court has not passed on the merits of Plaintiff's copyright infringement cause of action.  Instead, the Court relied on Plaintiff's concession and dismissed his copyright claim as abandoned.  *See* July Order at 3.  The Supreme Court's expectation that a "district court that has ruled on the merits of a copyright case can easily assess whether the losing party advanced an unreasonable claim or defense" in determining whether to award attorney's fees, therefore, does not apply.  *Kirtsaeng*, 136 S. Ct. at 1987.  Indeed, because the parties rely on significant evidentiary submissions to establish the reasonableness or unreasonableness of Plaintiff's claim, awarding attorney's fees would require the Court to engage in *more* searching review than it would have had the motion to dismiss been contested.  *See* ECF Nos. 114, 124, 129, 133.  Such an inquiry is not consistent with the principles that "a request for attorney's fees should not result in a second major litigation," and that courts should avoid "an interpretation of the fee-shifting statutes that would [spawn] a second litigation of significant dimension."  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001) (internal quotation marks, citations, and alterations omitted).

Of course, in some cases an award of attorney's fees may be necessary even when a plaintiff does voluntarily dismiss copyright claims early in the litigation—for instance, in a meritless suit brought by a "copyright troll play[ing] a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim."  *McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230, 2018 WL 5312903, at *2 (S.D.N.Y. Oct. 26, 2018).  In this matter, however, there is no evidence that Plaintiff or his counsel has a regular practice of, for example, taking unreasonable positions and then abandoning them at the first sign of trouble.

**CONCLUSION**

Accordingly, Defendants' motions for attorney's fees are DENIED.  The Clerk of Court

is directed to terminate the docket entries at ECF Nos. 112, 113, 114, 115, 116, 117, and 118.

SO ORDERED.

Dated: September 1, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge